# Case No. 10,452.

## OFFUTT v. PARROTT.

[1 Cranch, C. C. 139.] [1]

Circuit Court, District of Columbia. July Term, 1803.

### Costs—Security.

Security for costs cannot be given in the clerk's office.

A rule was laid at December term, 1802, for security for costs. At the former sitting of this term, judgment of nonsuit nisi, was entered. Since the last sitting, Abner Cloud applied to the clerk's office, and offered to become the security. Quære, whether this is a compliance with the rule.

THE COURT thought it was not; that it must be done in court.

Present, KILTY, Chief Judge, and CRANCH, Circuit Judge.

# Case No. 10,453.

## OFFUTT v. PARROTT.

[1 Cranch, C. C. 154.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

### Contracts—Want of Consideration—Contempt —Jurors Escaping from Jury Room.

1. A promise, in writing, made under a supposed previous legal liability which did not exist, is void for want of consideration.

2. Jurors escaping from their room may be fined for their contempt.

Assumpsit. Gabriel Greenfield had given a promissory note to Offutt in these words: "Georgetown, June 4, 1795. Sixty days after date, I promise to pay Thomas B. Offutt, or order, four hundred and six dollars, for value received. Gab'l Greenfield"—which note was indorsed by Parrott, in blank, by writing his name upon the back of it. There was also written on the back of the note, an engagement in the following words: "I do hereby promise and oblige myself, my heirs, executors and administrators, to pay or cause to be paid unto the within named Thomas B. Offutt, his heirs or assigns, the within sum of four hundred and six dollars, in the said note mentioned, in case the said Gabriel Greenfield fails to do the same. Witness my hand, this 22d day of March, Anno Domini, 1796. Rich'd Parrott. Witness, Jas. S. Morsell."

Mr. Key admitted that the blank indorsement, by Parrott, did not create any legal obligation on him to pay.

Mr. Mason, for defendant, insisted that the written engagement of Parrott on the back

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

of the note was made under a misapprehension of the legal effect of his former indorsement, and therefore void, as being without a consideration, like money paid under a mistake.

Mr. Morsell was sworn as a witness, and called to testify as to the instructions given to him by J. M. Gantt, the agent of the plaintiff, and the declarations of Gantt to the defendant, as to the legal obligation which his blank indorsement had created, by which the defendant was induced to sign the engagement; Mr. Gantt being an attorney of this court, and within the reach of its process.

Mr. Key objected.

THE COURT admitted the evidence. CRANCH, Circuit Judge, doubting.

A bill of exceptions in this case stated: 1. The note of Greenfield to Offutt. 2. The engagement of Parrott written on the back. 3. That this engagement was proved by J. S. Morsell, the subscribing witness. 4. The defendant offered to prove by the said Morsell that previous to the making of the engagement, the note with Parrott's name indorsed in blank thereon, was put into the hands of J. M. Gantt, attorney at law, by the plaintiff to sue Parrott. That the said Morsell, being a student at law in Gantt's office, Gantt put the note with the blank indorsement thereon into Morsell's hands, to write a declaration. That Morsell 'not finding any precedent, returned the same to Gantt, who was of opinion that an action would lie against Parrott on that blank indorsement, and told Morsell to take the note to Parrott and tell him he was liable upon the blank indorsement to pay the amount of the note; but that if Parrott would enter into a written engagement to pay the same, that he, Gantt, would indulge him as to time. That Morsell informed Parrott of Gantt's opinion as to his liability, and made the proposition to him, as directed by Mr. Gantt; whereupon Parrott agreed to enter into the engagement to pay the amount of the note in the event of the plaintiff's not being able to recover the same from Greenfield; and in pursuance thereof Morsell wrote the engagement on the back, and Parrott signed it. 5. The record of a suit in Maryland, by Offutt, against Parrott, and offered to prove the identity of the parties. This record shows that Offutt had pursued legal steps to recover the money from Greenfield, but failed to recover.

No further or other evidence was offered.

The plaintiff prayed the direction of the court to the jury, that if, from the evidence in the cause, they were of opinion and found that the name of Parrott was by him indorsed on said note to give credit thereto, and that the said note was passed to Offutt with the name of Parrott indorsed thereon, that then the said Parrott is liable on his special engagement of 22d March, 1796, on the said note made, although no suit at law could be supported on his original blank indorsement, and the plaintiff entitled to recover.

THE COURT refused, but directed the jury that on the whole of the evidence offered as aforesaid, the plaintiff is not entitled to recover, and their verdict ought to be for the defendant.

CRANCH, Circuit Judge, absent.

A juror was withdrawn, by consent, three of the jurors having escaped out of the jury-room, through the window, contrary to the express command of the bailiff, as stated in his affidavit. One of them, John Dunlop, being informed that he might, if he thought proper, state anything, on oath, in exculpation of the charge, was sworn; and stated, that finding the jury not like to agree, and there being a great deal of warmth among them, he thought it would be productive of no good to remain together, and made the best of his way out. The two others, Richard Bover and Henry O'Reily, being also sworn, and stating only a similar excuse, were each fined by THE COURT fifteen dollars.