### WERNER v. WERNER.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENTS—ALIMONY.

An agreement entered into between husband and wife, after separation and during the pendency of an action by the wife for divorce, fixing both the amount of temporary alimony and that of permanent alimony in case of a divorce, is valid and enforceable, because not being an inducement to separation or divorce.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278;* Contracts, Cent. Dig. §§ 515, 517.]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action for divorce by Harriet C. Werner against Walter M. Werner. From an order denying a motion to amend the decree, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Thomas G. Flaherty, of New York City, for appellant.
Edwin D. Hays, of New York City, for respondent.

INGRAHAM, P. J. The parties to this action were husband and wife. Prior to November 15, 1909, the plaintiff commenced an action against the defendant for an absolute divorce. While this action was pending, and on the 15th day of November, 1909, the plaintiff and defendant entered into a stipulation, entitled in the action, which recited the pendency of the action for the divorce, that it was deemed best by the parties to the action that an arrangement satisfactory to both parties as to alimony and counsel fee be entered into, and it was thereupon agreed between the parties that the defendant would pay $150 in lieu of counsel fee pendente lite, and would also pay to the plaintiff the sum of $20 each week in lieu of all alimony pendente lite, and that these payments should be in full and in lieu of all alimony, support, and counsel fees until the granting of the decree in the action, if the same be granted. It was further stipulated, in the event of the plaintiff obtaining a final decree against the defendant, that the defendant would pay to the plaintiff the sum of $2,080, which should be in full of all counsel fees, costs, disbursements, and charges of every nature and kind whatsoever, and in lieu of all claims which the plaintiff had against the defendant, the defendant to pay such sum of $2,080 in equal weekly payments of $20 after the entry of said final decree, said payments and all payments to cease and terminate upon the marriage of the plaintiff, or upon the payment of the sum of $150, counsel fee pendente lite, and the said sum of $2,080; and the plaintiff stipulated to accept the aforesaid payments in lieu of all alimony, support, maintenance of any kind and nature whatsoever, and in lieu of all claims which the plaintiff had against the defendant. It was further stipulated that, in view of the above provisions and stipulation, the final decree, if procured by the plaintiff, should not contain any mention of counsel fees, alimony, or provisions for the payment of money by the defendant to the plaintiff; but if the defendant defaulted in any of the payments above provided, then and in that case the plaintiff might upon three days' notice move to amend the final decree, so as to conform to the terms of the stipulation, and the defendant agreed and consented that said final decree should be so amended, it being the intention of the stipulation that the plaintiff should have the right to enforce the terms of the final decree, when amended as aforesaid according to law. This stipulation was signed by the plaintiff and the defendant, and duly acknowledged by both.

After the execution of this stipulation, a decree of absolute divorce was entered in favor of the plaintiff on the 15th of June, 1910, the defendant appearing in the action and contesting it, and the case was referred to a referee, who reported in favor of the plaintiff. By that judgment the marriage between the plaintiff and the defendant was dissolved, and the plaintiff was divorced from the defendant. No provision as to alimony or counsel fee was contained in this judgment, under the provisions of the stipulation to which attention has been called. The defendant continued to pay this sum of $20 a week un-

til June 6, 1911. The plaintiff has not remarried; but the defendant has, and now lives in Detroit, Mich. The defendant paid under the terms and conditions of this stipulation the sum of $1,770. This would seem to leave $310 of the total amount of $2,080, which the defendant agreed to pay unpaid. In pursuance of the terms of the stipulation, the plaintiff then made this motion to amend the final decree by inserting the provision as to alimony in accordance with the express terms of the stipulation executed by the defendant. The defendant appeared and opposed this motion, and the learned judge at Special Term, being of the opinion that this stipulation was void, upon the ground that it held out an inducement to the plaintiff to obtain a divorce, therefore, denied the motion.

With this conclusion we do not agree. The parties had separated. The plaintiff had commenced her action for divorce. That that action was well founded appears by the subsequent judgment that was entered, a decree of divorce being obtained in the plaintiff's favor. Upon the marriage of the plaintiff by the defendant, the defendant had assumed an obligation to support his wife, and that obligation was enforceable by the court, and in an action of divorce the court had power to fix the amount that the defendant should pay in discharge of this obligation, which was assumed when the defendant married the plaintiff. The action for divorce being pending, there was no legal objection to the parties entering into a stipulation fixing the amount that the defendant should pay in the discharge of this obligation, and there would have been no question as to the validity of this stipulation, if it had been presented to the court at the time the final decree was entered, and the court had approved of it by inserting in the decree the provision which the parties had stipulated for the discharge of the defendant's obligation to support his wife. Undoubtedly a stipulation of this kind made between the parties prior to their separation would be unenforceable, as an inducement to either the defendant to consent to a divorce or to the plaintiff to commence proceedings to obtain one. But this rule has never been applied to a mere stipulation between the parties fixing the amount to be paid by the defendant in discharge of his obligation to support his wife, after the parties had separated and the action for a divorce had actually been instituted. Here the defendant had violated his marital obligation, the parties had separated, and the action for a divorce had actually been commenced and was pending.

The case of Lake v. Lake, 136 App. Div. 47, 119 N. Y. Supp. 686, was based upon rather peculiar facts, and it was held in that case that a contract could not be enforced under section 21 of the Domestic Relations Law (chapter 272, Laws of 1896 [Consol. Laws 1909, c. 14] § 51), which provided that a husband and wife cannot contract to alter or dissolve the marriage. The court say in that case:

"Recognizing the right of husband and wife, living separate and apart from each other, to contract under proper conditions for the proper support and maintenance of the latter, nevertheless, no such contract can be sustained where, as in this case, no benefit is to be derived therefrom by the wife, except in the event of the dissolution of the marriage."

And great stress was laid upon the fact that by the express terms of the contract the wife was deprived of all right to make any claim for support or maintenance, or any kind of claim against her husband's property, unless the marriage was dissolved, and that she could not even claim temporary alimony pending the divorce action. The provisions of the stipulation in this case are entirely different. Here was nothing but an agreement between the parties that, if the plaintiff should obtain a divorce, the amount of the alimony to which she was to be entitled should be fixed by the stipulation, and, in certain contingencies, should be made a part of the judgment. That case, however, was an action in equity against the former husband, against whom the plaintiff had procured a judgment of divorce, to have declared null and void a contract executed between them pending the action for divorce. The plaintiff had judgment declaring that contract void, but that the Appellate Division reversed upon the ground that the plaintiff did not approach the court with clean hands, and that as she participated in the unlawful arrangement, knowing that it was unlawful when she made it, she was not at liberty to ask the court to undo the work of her own hands.

We think that rule does not apply to a stipulation made in the action, which merely determines the amount of alimony that is to be paid in case a decree be granted, without affecting in any way the rights of the parties in case no decree is granted.

We think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. The amount that is still due can be determined upon the settlement of the order, which must be upon notice.

McLAUGHLIN, SCOTT, and DOWLING, JJ., concur.

CLARKE, J. I dissent, on the ground that, as the final decree contained no provision in regard to alimony, the court was without power, after the lapse of two years, to modify that final judgment in the manner proposed.

---

### In re GOTTHEIM.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

ATTORNEY AND CLIENT (§ 45*)—DISBARMENT—FALSE CERTIFICATE OF ACKNOWLEDGEMENT.

    An attorney, falsely certifying to a deed being acknowledged before him as a commissioner of deeds, which is forgery under Penal Law (Consol. Laws 1909, c. 40) § 885, will be disbarred.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 63; Dec. Dig. § 45.*]

Charges were prepared by the Association of the Bar of the City of New York against I. Morton Gottheim, an attorney, of professional misconduct. Respondent disbarred.

See, also, 146 App. Div. 937, 131 N. Y. Supp. 1117.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes