## Moore, Appellant, *v.* Moore.

*Divorce—Alimony—Absolute divorce.*

Where an absolute divorce has been decreed to a wife the court has no jurisdiction to award permanent alimony to her during her life. If a decree awarding alimony has' been made, the fact that the husband has paid it for a period of five years will not estop him from refusing to pay it thereafter.

Argued May 3, 1916. Appeal, No. 94, April T., 1916, by plaintiff, from order of C. P. Allegheny Co., Fourth Term, 1910, No. 9, discharging rule for attachment for contempt in case of Lucille W. Moore v. Alexander P. Moore. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule for an attachment for contempt for not paying alimony.

The case turned upon the validity of an order awarding permanent alimony to a wife after an absolute divorce had been granted to her.

*Error assigned* was order discharging rule for an attachment.

*Richard Townsend,* for appellant.—The trend of the law favors the award of alimony with decrees of absolute divorce: Charies v. Charies, 10 Fla. 308; Cook v. Cook, 2 Phillimore 178; Miller v. Miller, 21 Pa. C. C. R. 252.

A divorce decree should not be disturbed, especially by a respondent after he has permitted it to stand unchal-

lenged for a long time and has, in fact, complied with all its terms: Campbell v. Campbell, 37 Wis. 206; Catts v. Catts, 35 Pa. Superior Ct. 293; Emerson v. Emerson, 120 Md. 584.

The appellee is estopped from denying the validity of the decree at this time: King v. Miller, 10 Wash. 274; Randall v. Randall, 37 Mich. 563; Hamill v. Talbott, 81 Mo. App. 210.

*John S. Weller,* with him *John O. Wicks,* for appellee. —There is no provision under the laws of Pennsylvania allowing a wife permanent alimony in connection with a decree of absolute divorce on the grounds of cruel and barbarous treatment when the wife is libellant: Smith v. Smith, 3 S. & R. 248; Light v. Light, 1 Watts 263; Klingenberger v. Klingenberger, 6 S. & R. 187; Crawford v. Crawford, 54 Pa. Superior Ct. 304; Shoop's App., 34 Pa. 233; Parker v. Parker, 35 Pa. Superior Ct. 341.

There is no common law or equitable jurisdiction in the courts in regard to divorce or permanent alimony: Reeves v. Reeves, 12 Philadelphia 188; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Davol v. Davol, 13 Mass. 263; Parker v. Parker, 211 Mass. 139; Adams v. Holt, 214 Mass. 77.

Since the matter of permanent alimony in an absolute divorce obtained by the wife for cruel and barbarous treatment is not provided for by statute, the learned court below was without jurisdiction to enter the decree concerning alimony and that part of the decree is absolutely void: Persoll v. Chapin, 44 Pa. 9; Miles v. Miles, 76 Pa. 357; United States v. Walker, 109 U. S. 258; Hickey v. Conley, 24 Pa. Superior Ct. 388; Wall v. Wall, 123 Pa. 545.

An order, judgment or decree that is absolutely void cannot be ratified by the acts of the parties. Nor can the parties estop themselves from taking advantage of a void decree: Glidden v. Strupler, 52 Pa. 400; Negley v. Lindsay, 67 Pa. 217; Shisler v. Vandike, 92 Pa. 447;

Seylar v. Carson, 69 Pa. 81; Fowler v. Eddy, 110 Pa. 117; Caldwell v. Walter, 18 Pa. 79.

OPINION BY WILLIAMS, J., July 18, 1916:

By the decree of the court below made September 22, 1910, upon a libel or petition, these parties were absolutely divorced from the nuptial ties and bonds theretofore contracted by them. In making this decree the court added an order upon the respondent to pay to the libellant during the term of her natural life the weekly sum of seventy-five dollars. This amount was paid by him until June 7th, 1915, when he ceased the payment. Upon petition setting forth these facts a rule was granted upon respondent to show cause why he should not be judged guilty of contempt in not obeying the decree of the court. This rule was subsequently discharged, and this appeal questions the correctness of the ruling of the court below.

With the merits of the divorce we have no concern, as there is no appeal by either party upon that question.

Our inquiry is confined to the correctness of that part of the decree which provides for the payment by the respondent to the libellant "weekly and every week thereafter during the term of her natural life of the sum of seventy-five dollars as support or alimony."

If the court below, when it made the decree of divorce a. v. m. had the power either by common law or under the provisions of a statute to order the payment of alimony, then the rule for the attachment should have been made absolute and the decree of the court must be reversed—otherwise, it must be affirmed.

Divorces a vinculo matrimonii were not decreed in ecclesiastical courts. Hence alimony was granted by them only as an incident to a divorce a mensa et thoro: 14 Cyc. 743—note, citing Rees v. Waters, 9 Watts 90. Except where the common law rule has been changed by statute, alimony cannot be awarded upon a divorce a vinculo matrimonii or sentence of nullity.

The Constitution of 1874, Art. 3, Sec. 7, prohibits the legislature from passing special laws granting divorces. Since all divorces are now by virtue of statute law, and as there is no provision for the order of the court for the payment of permanent alimony in divorce a. v. m., except where the husband is the libellant under the Act of May 8, 1854, P. L. 644, as amended by the Act of June 25, 1895, P. L. 308, it follows that the order decreeing alimony cannot be sustained unless by reason of the lapse of time the appellee is estopped from questioning the decree.

The Supreme Court, in Wall v. Wall, 123 Pa. 545, Justice WILLIAMS (p. 553), said: "If such want of jurisdiction appear upon the record, it can be taken advantage of at any time and in any court where the conclusiveness of the judgment is the subject of judicial inquiry. The reason for this is the fact that the record of the judgment bears upon its face the proof of its illegality and shows the want of power in the tribunal to render it." See also, Poor Directors v. Poor Directors, 25 Pa. Superior Ct. 595, (600).

It follows, therefore, that as the court had no power to decree the payment of alimony, and as that decree can be and has been questioned, the order discharging the rule for an attachment must be affirmed.

Appeal dismissed.