JOSEPHINE KNAPP LESTER, Plaintiff, *v.* GEORGE B. LESTER, Defendant.

(Supreme Court, Rockland Special Term, February, 1918.)

Divorce — action for — alimony — evidence — marriage — equity — trial — Code Civ. Pro. § 1771.

> Where, because prior to the trial of a wife's action for divorce, alimony for her and an allowance for the support and education of their child and the time and manner of the payments thereof were fixed by a written contract between the parties, which was received in evidence, neither the interlocutory nor final decree contained any provision as to such matters, and a motion by defendant to amend both decrees by inserting therein a provision to the effect that plaintiff by reason of her remarriage subsequently to the entry of said decrees was not entitled to any allowance from defendant for her maintenance and support was denied, a motion for an order amending *nunc pro tunc* both decrees by incorporating and making a part thereof the provisions of the written contract in order that defendant may have relief under section 1771 of the Code of Civil Procedure will be denied, the remedy of defendant being an action in equity to cancel or modify said agreement because of the remarriage of plaintiff, or by an appropriate defense to the action or actions pending against him to recover the accrued alimony under said agreement.

MOTION for an order amending *nunc pro tunc* the interlocutory and final judgments in an action for divorce.

Misc.]           Supreme Court, February, 1918.

Frank S. Coburn (Arthur E. Sutherland, of counsel), for plaintiff.

Gustav Lange, Jr., for defendant.

TOMPKINS, J.   An interlocutory judgment of absolute divorce in plaintiff's favor was entered herein on the 27th day of December, 1913, and a final judgment thereon was entered on the 28th day of March, 1914. Neither the interlocutory nor final judgment contained any provision for alimony or for the maintenance of the child Josephine, for the reason that prior to the trial of the action the parties hereto had entered into a written contract by which alimony for the plaintiff and an allowance for the support and education of said child, and the time and manner of the payments thereof, were fixed.

On the trial before the referee the said agreement was offered and received in evidence, and the referee's findings contain the following recital with respect thereto: " That the plaintiff and the defendant have submitted to me, and I have approved a certain document between them dated December 4th, 1913, under the terms of which reasonable provision is made for the support of the plaintiff, and for the support and education of said infant child Josephine."

Said agreement was attached to the referee's report and later became a part of the judgment roll, but no provision with respect thereto was written into either the interlocutory or final judgment, and the parties purposely omitted therefrom all reference to the matter of allowance for the wife and child.

On the 22d of June, 1914, the plaintiff remarried, and in January, 1916, the defendant moved this court at Special Term, under section 1771 of the Code of Civil Procedure, to amend the interlocutory and final decrees

Supreme Court, February, 1918. [Vol. 102.

by inserting therein a provision to the effect that the plaintiff by reason of her remarriage subsequently to the entry of said decrees, was not entitled to any allowance from the defendant for her maintenance and support. That motion was denied for the reason that the judgment in this action did not contain any direction for the payment of alimony, and that the court was without power to interfere with the written agreement that the parties themselves had entered into prior to and independent of the trial of the action, and in denying that application the court wrote as follows: " There is no provision in the interlocutory judgment or the final judgment or in any order made by the court fixing alimony or directing the payment of any money by the defendant to the plaintiff. It appears that there was a written agreement entered into between the parties prior to the judgment respecting the payment of alimony and this agreement was submitted to the referee at the trial of this action, and the referee in his findings approved the agreement. There is no mention of it, however, in either the interlocutory or final judgment, and no order was ever made respecting this agreement. In these circumstances, this court has no power on this motion to make any order respecting the alimony. The rights of the parties have been fixed by their written agreement, and that can only be set aside or modified if at all in an action brought for that purpose."

The present motion is for an order amending *nunc pro tunc* the interlocutory and final judgments by incorporating therein and making a part thereof the provisions of the said written agreement providing for the support and maintenance of the plaintiff and the child Josephine, the issue of the marriage of the parties hereto, and, in the event of the granting of said application, then for a further order striking out of

the said interlocutory and final judgments all pro-
visions for the support of the plaintiff on account of
her said remarriage.  In other words, the defendant
now asks that the judgment be modified so that it shall
contain a direction for the payment of alimony to the
plaintiff in accordance with the terms of the said
written agreement, in order that the defendant may
have relief under section 1771 of the Code, because of
the plaintiff's remarriage; and I think that because
of the changed condition since the judgments herein
were entered the defendant ought to have some relief,
but I am of the opinion that it cannot be given him on
this motion.  The court undoubtedly has inherent power
to amend its final judgment to conform to the inter-
locutory judgment, and to make both or either conform
to the findings or decision, and to supply any inad-
vertent omission, but the defendant asks more than
that on this motion.   He asks the court to incorporate
into the interlocutory and final decrees a provision for
alimony that was never made by the court and never
intended to be a part of either decree, but was fixed by
a written agreement of the parties made while the
action was pending, and before even the referee in the
action was appointed; and while it was later presented
to the referee and approved by him, and recited in his
report to the court and attached to the judgment roll,
yet neither the interlocutory nor final decree contained
any reference to it, or any provision for alimony, and
it was purposely and by agreement of the parties
omitted from the judgment.   In such circumstances,
the court has no power now, on application of one of
the parties, and against the objection of the other, to
amend the judgment by inserting therein provisions
of the written agreement respecting the support of
the plaintiff.

The case of *Werner* v. *Werner,* 153 App. Div. 719,

cited by defendant's counsel in support of his claim that the court has power and ought to grant this motion, is easily distinguishable from the case at bar. In that case the agreement between the parties, which was made in the form of a stipulation in the action, contained an express provision that, if the defendant defaulted on any of the payments provided for by said agreement, the plaintiff might, upon three days' notice, move to amend the final decree so as to conform it to the terms of the stipulation, and the defendant by said agreement consented that said final decree should be so amended, it being the intention of the parties that the plaintiff should have the right to enforce the terms of the final decree when amended as aforesaid according to law. This agreement or stipulation was signed by the parties while the action was pending, and it was held by the Appellate Division of the First Department that the court at Special Term had power because of the written agreement to make an order amending the judgment in accordance therewith.

That was a very different proposition than the one now before us. Here the written agreement between the parties makes no reference to any contemplated judgment in this action except to say that certain payments are to commence on the date of the entry of the interlocutory decree, and there is not the slightest suggestion in the agreement that the terms thereof were at any time to be made a part of the judgment, or enforced in this action. The defendant's remedy is by an action in equity to cancel or modify said agreement, because of the remarriage of the plaintiff or by an appropriate defense to the action or actions now pending by the plaintiff against the defendant to recover the accrued alimony under the said agreement.

Motion denied.