EVA M. CARPENTER, Plaintiff, v. LEWIS JUDSON CARPENTER, Defendant.

Supreme Court, Cayuga County, July 12, 1927.

Husband and wife — alimony — parties stipulated defendant should pay plaintiff alimony of ninety dollars monthly — stipulation was but temporary arrangement — evidence warrants reduction of alimony to seventy-five dollars monthly.

On this application for an order directing plaintiff to show cause why the amount of alimony awarded her in a decree of divorce should not be reduced, it appears that during the pendency of the action it was stipulated that defendant should pay the plaintiff the sum of ninety dollars per month for her support, with a limitation that the agreement was but a temporary arrangement and that subsequently the amount of alimony would be adjusted upon a basis more nearly consonant with the common resources of both parties. Since the stipulation cannot be given the same effect as an instrument designed to measure the amount of alimony, the court now may determine what that amount should be and taking into consideration that the comfortable maintenance of the plaintiff should be assured, but not, however, at the cost of unnecessarily burdening the defendant, an award of seventy-five dollars per month is made.

MOTION on behalf of the defendant, brought on by an order directing the plaintiff to show cause why the amount of alimony, awarded to her in a decree of divorce, should not be reduced.

*Leary & Leary* for the plaintiff.

*Nelson L. Drummond,* for the defendant.

STEPHENS, J. The action of divorce was commenced on June 19, 1926, and an answer was interposed; on the trial no evidence was offered on the part of the defendant; an interlocutory decree of divorce was granted October 6, 1926, and a final decree was entered January 8, 1927; soon after the commencement of the action it was stipulated between the attorneys for the parties that, in addition to a counsel fee, the defendant should pay to the plaintiff the sum of ninety dollars a month for her support; there are no children; this amount was in the decrees directed to be continued, no question having been raised upon the trial in any fashion that it was not the appropriate sum to be paid for the plaintiff's maintenance.

From the commencement of the action and on February 28, 1927, the time the order directing the plaintiff to show cause why the alimony should not be reduced was returnable, the plaintiff was living in a two-family house in the city of Auburn which the parties had owned as tenants by the entirety until the tenancy was changed into a tenancy in common by reason of the decree of divorce; one side of the house was occupied by the plaintiff and the other was occupied by a tenant, the plaintiff receiving the rent.

It appeared on the return date of the order that the defendant had brought an action to partition the said real estate then held by him and the plaintiff as tenants in common, the household furniture which he valued at $750, and to require the plaintiff to account for the sum of $154.51 which she had withdrawn from a joint bank account; in that action he claimed the major share of both real estate and the furniture.

When this situation was disclosed it appeared advisable to defer the decision of this motion until the respective rights of the parties in the real estate and personal property were determined, in order that fuller knowledge of the financial condition of the plaintiff and defendant would be available; that action has been determined; it has been held that the parties are tenants in common of the real estate in equal shares; that the plaintiff is entitled to the furniture by virtue of the provisions of section 1156 of the Civil Practice Act, and that she shall account for the money which she drew from the joint account in the bank and for the rents and profits received by her from the real estate; in the moving papers the defendant states the net value of one-half of the real estate to be $3,250, and the plaintiff estimates it at $2,100; its precise worth will not be known until it is sold.

The chief aid that the partition action supplies is that the parties share equally in the proceeds of the sale of the real estate; while the plaintiff will have some income from it, which diminishes *pro tanto* her dependence upon the defendant, the latter, by the same token, will receive a like amount from his share, increasing by so much his ability to pay; the savings bank account is negligible; the household furniture which the defendant surrendered to the plaintiff is, however, to be taken into account in determining how much the defendant should pay to his former wife, if that be an open question.

The defendant states in his moving papers that the agreement entered into before the trial of the action, by which he stipulated to pay ninety dollars a month as alimony, was made with the understanding that it was but a temporary arrangement and that later all the property differences, together with the amount of alimony, would be adjusted upon a basis more nearly consonant with their common resources; the plaintiff denies this except to say that the defendant offered to convey to her his interest in the real estate if she would release her claim for maintenance, to which she did not consent.

An agreement between the parties to an action of this kind, fixing the amount to be paid by a husband to a wife, is generally adopted by the courts and the provision for alimony in the decree

made in accordance with the agreement (*Werner* v. *Werner,* 153 App. Div. 719; *Cain* v. *Cain,* 188 id. 780); that was done in this case.

The defendant now says that the stipulation entered into between the counsel for the parties here is not to be given the effect usually accorded to such stipulations for the amount fixed by it was not intended to be continuing; this position finds corroboration in the language of the stipulation itself and in the interlocutory decree; the stipulation contains the recital: " this stipulation is not to be construed as determining the matter or amount of permanent alimony or adjustment thereof; " the decree directs that the defendant pay the said sum for the support and maintenance of the plaintiff " subject to the further order of the court."

It must be held, therefore, that this stipulation is not to be given the same effect as an instrument expressly designed to measure the amount of alimony; this question is open for further inquiry.

The parties have not had a voluntary adjustment of their property differences; those differences, however, have been judicially adjusted if there be acquiescence in the decision of the partition action; there remains to be determined the proper amount that the defendant should pay in the light of all the available knowledge of the present conditions.

The defendant, as a railroad freight conductor, earned during the year 1926 a little upwards of $3,200, a considerable portion of which was received for overtime; he anticipates that, by prospective changes in the freight service, he will be deprived of the chance to work overtime and that, even if he is not, the condition of his health forbids that he should work so many extra hours; he is subject to the additional peril of being demoted from the position of conductor to that of trainman which would cause a further reduction in his income.

All these changes in his ability to pay, to which the defendant refers, are anticipatory; his income had not yet been materially lessened, and he had not been demoted; of course, there will come a time when his earning capacity will be less and maybe the plaintiff will find remunerative employment; we must treat the conditions as we find them; when they change, either for better or for worse, the court is competent to readjust its decree to the change.

The plaintiff does not appraise the household furniture which the defendant values at $750; this probably is in excess of its market value and possibly its usable value to the plaintiff is less; its possession, however, relieves the plaintiff from making any expenditure for furniture and this advantage should be reflected in the amount of the alimony; other factors too should be considered; the comfortable maintenance of the plaintiff should be assured, not, how-

ever, at the cost of unnecessarily burdening the defendant; the alimony in whatever amount must be earned by him; it is to the interest of the plaintiff that his earning power be not diminished by too rigid demands.

Alimony in the sum of seventy-five dollars each month, dating from July 15, 1927, payable semi-monthly, is in my opinion a fair amount for the defendant to pay, without prejudice to either party to apply for a further modification of the decree, if changed conditions justify it.

An order in accordance herewith may be submitted for signature.