Samuel Rabin, J.
Motion by plaintiff husband for judgment on the pleadings on his first cause of action, or, in the alternative, for similar relief on his second cause of action.
The substance of the first cause of action is that a separation agreement (which is annexed to and made a part thereof) entered into between the parties on September 23, 1955 is contrary to public policy and void. The second cause of action incorporates by reference the pertinent allegations of the first and challenges the validity of the agreement on the ground that paragraph 14 thereof provides for a forfeiture or penalty thus invalidating the entire agreement.
The separation agreement provides in substance, in the paragraphs here material, as follows: Plaintiff agrees to pay to defendant during her lifetime or until she remarry “ (if the parties shall hereafter be divorced or their marriage otherwise dissolved) ’ ’ the sum of $180 per week for her sole maintenance and support (par. 8). Nothing contained in the agreement is to bar either of the parties from maintaining an action for divorce upon any lawful grounds and, notwithstanding the bringing of any such action and the entry of any judgment thereon, all the provisions and terms of the agreement shall bind the parties and their respective administrators, executors, distributees, heirs and assigns (par. 13). In the event an action for divorce is commenced by either party plaintiff shall pay to defendant, as a property settlement, the sum of $30,000, as follows: $22,500 in a lump sum upon entry of the decree; and $7,500 by delivery of a confession of judgment in that amount to a named attorney, said confession to be returned to plaintiff if he pay the amount thereof to defendant within eighteen months after entry of the decree of divorce, otherwise, the confession of judgment is to be delivered to defendant (par. 14[a]). The plaintiff’s obligation to pay the weekly sum of $180 is to be unaffected by the payment of the $30,000 (par. 14[b]). Should he fail to make any of the foregoing payments his agreement to pay $180 per week shall terminate and he shall instead become obligated to pay $400 per week (par. 14[b]). The agreement also provides that if the property settlement payments are not made defendant may take steps to enforce collection of the provisions of the agreement, including the right to cancel and terminate it (par. 14 [b]).
Section 51 of the Domestic Relations Law prohibits a husband and wife from contracting to alter or dissolve the marriage, but *522 the progress of the Court of Appeals “ in the direction of broadening the coverage of section 51 has gone no further than to apply that section, and its policy, to agreements which have a direct tendency toward dissolving marriages ” (Matter of Rhinelander, 290 N. Y. 31, 38 [emphasis in original]). The principal question, therefore, is whether the agreement under attack can be said as matter of law to have such tendency.
The agreement does not provide that it is to be of no effect if a divorce is not obtained. (Cf. Schley v. Andrews, 225 N. Y. 110, 113; Lake v. Lake, 136 App. Div. 47, 49-50.) Divorce or no, defendant was to receive during her lifetime the sum of $180 pér- week for her sole maintenance and support. If the agreement is illegal, therefore, it must be deemed to be so by virtue of the economic advantages which would accrue to defendant in the event of divorce. In this respect, however, as noted by the then Mr. Justice Van Yooehis in Yates v. Yates (183 Misc. 934, 940), “ It would be unrealistic to require that in order to satisfy public policy separation agreements must make provision for the wife in the same form as that in which the divorce court is allowed to do by statute. The question is whether the value of the contractual benefit to the wife is substantially in excess of what the court would- ordinarily grant under the circumstances of the case pursuant to the applicable statute of divorce.”
True, the sum of $30,000 was to be- settled upon defendant in the event of divorce. But in that event she might well be giving up very substantial rights. (Decedent Estate Law, § 18, subd. 3; § 83.) Who can say, therefore, without proof of plaintiff’s financial worth, that the value of the contractual benefit to defendant was substantially in excess of what a divorce court would grant to her?
That the obligations assumed by plaintiff under the agreement were to bind as well his “ administrators, executors, distributees, heirs and assigns ” is of no especial significance here since such was to be the case as to “ all ” the provisions and terms of the agreement; in other words, whether a divorce was qbtained or not. (Cf. Moore v. Moore, 255 F. 497, 502, discussed by Mr. Justice Yah Yooehis in Yates v. Yates, supra, p. 939.)
It is manifest that the provision of the separation agreement under which plaintiff obligated himself to pay $400 per week instead of $180, in the event of default, when read with the provision immediately following it, constitutes a penalty and is void. (See, generally, 1 New York Law of Damages, § 13.) Dissolution of the marriage, however, was not the “ direct tendency ” of that provision. (Matter of Rhinelander, 290 *523 N. Y. 31, 38, supra.) Its applicability was not restricted to payments accruing upon a divorce. It was to apply “ In the event that the husband [plaintiff] shall fail to make the payments hereinbefore provided” (emphasis supplied). While illegal, it is readily severable from the remainder' of the agreement and does not invalidate the latter in toto. (Schiff v. Schiff, 270 App. Div. 845, 846; Mahana v. Mahana, 69 N. Y. S. 2d 629.)
While a different result may be reached after a trial of this action on the merits, this court cannot say, upon the limited scrutiny available to it on a motion such as this, that the separation agreement in question is violative of section 51. of the Domestic Relations Law.
Accordingly, the main branch of the motion is denied. The alternative branch is granted to the extent that the next to last unnumbered paragraph of paragraph 14(b) of the agreement is held to constitute a penalty and is thus illegal and unenforcible and as to the balance of the second cause of action judgment is rendered in favor of defendant dismissing it (Rules Civ. Prac., rule 112). Settle order.