Samuel Rabin, J.
The plaintiff in an action for a separation moves for temporary alimony and counsel fees.
There are two causes of action. In the first she alleges the marriage on October 18, 1925, the birth of two children, aged 30 and 33 respectively, and that the defendant has treated her since 1942 in a cruel and inhuman manner. She further alleges that on September 24, 1945, she entered into the agreement *855 with the defendant annexed to the complaint which she has now been advised was ‘ ‘ a separation agreement ’ ’; that because of circumstances existing at and before said agreement she executed it advisedly and imprudently inasmuch as its terms are unfair, unjust and inequitable, the terms for her support being inadequate. She claims that she was advised at the time the agreement was executed that she could declare it void and that she did so on November 1, 1959.
In her second cause of action plaintiff realleges the allegations of the first with the exception as to those which aver the alleged abandonment. In addition she charges that since November 1, 1959, “the defendant refused and neglected to adequately provide for the support and maintenance of the plaintiff although he was well able to do so.” In her prayer for relief she demands a judgment of separation with suitable provisions for her support and that the defendant be restrained from leaving the jurisdiction until he has satisfactorily provided for the plaintiff with proper security for her support.
The defendant has cross-moved to dismiss the complaint for legal insufficiency upon the ground that it appears on the face thereof and from the writing annexed thereto that a valid and subsisting separation agreement containing provisions for plaintiff’s support bars the maintenance of the instant action for a judicial separation. (Borax v. Borax, 4 N Y 2d 113, 114.)
The plaintiff, on the other hand, contends that said agreement is void and without force and effect because it contains the following paragraph which she claims to be unenforcible: ‘ ‘ 10. It is further agreed between the parties hereto that in the event of any substantial increase in the amount of the Husband’s annual income, the Wife shall have the right to apply to any court having jurisdiction, to be relieved of the provisions of this agreement insofar as fixing a sum payable by the husband to the Wife, and to increase the said amounts, to the end that equitable provisions for the support and maintenance of the Wife, based on the income of the Husband and other relative factors may be provided for, and it is further agreed that in the event of any substantial decrease in the amount of the Husband’s annual income, the Husband shall have the right to apply to any Court having jurisdiction, to be relieved of the provisions of this agreement insofar as it fixes the sums payable, and decrease the said amounts payable.”
As far back as 1912 our Court of Appeals held that where a husband and wife have entered into a separation agreement which provides, as one of its features, for an allowance to the *856 wife, the court cannot annul the latter provision leaving the rest of the agreement intact and then substitute its decision for the agreement of the parties as to the amount of the allowance. (Johnson v. Johnson, 206 N. Y. 561.) In Stoddard v. Stoddard (227 N. Y. 13), decided in 1919, the Court of Appeals held that the courts have no jurisdiction to enforce a provision in a separation agreement to the effect that if circumstances should change the amount of support to be paid by the husband should be decreased. As the court put it (pp. 17-18: “Thus we come to the question already outlined whether the Supreme Court had jurisdiction to take hold of one of the provisions of this contract and determine the reasonable amount to be paid by one of the parties to the other and in that respect make a new agreement for them. We know of no principle and we have been cited to no authority which authorizes the court in this way in effect to write a clause in the contract for the parties. While the parties to this particular contract have attempted to agree that the court might exercise this juris.diction it really is not claimed that that agreement confers upon the court powers which it does not inherently possess. It seems to us that this ease is not other than it would be if two parties making a contract for the sale of real estate at a fixed price to be executed at some distant day, should provide that if conditions changed in the meantime the court should determine what would be a fair sum to be inserted in the contract as the purchase price of the real estate. We think that it would scarcely be claimed with seriousness that the court could do this even on an agreement of the parties and it does not seem that the present proposal is any different in its nature.”
It is clear from the foregoing that the provisions contained in paragraph 10 of the agreement in the instant case, conferring upon the court the power to relieve the parties of the support provisions thereof and to fix the amount for the plaintiff’s support and maintenance, based upon the income of the husband and other relative factors, in the event his income is substantially increased or decreased, fall afoul the rulings made in the eases cited above. The court is of the opinion, however, that paragraph 10 of the agreement between the parties hereto does not necessarily invalidate the entire agreement. (Schiff v. Schiff, 270 App. Div. 845; Kroll v. Kroll, 4 Misc 2d 520.)
Aside from the fact that this agreement has been in existence since September 24, 1945, and performed to the letter by both parties until November 1, 1959, when the plaintiff declared it void, the invalid paragraph is in the court’s opinion readily severable from the remainder of the agreement. Therein it *857 is provided that the defendant shall pay the sum of $35 a week for the support of the plaintiff and the two children until each has reached his majority, in which event there shall be a reduction of $7.50 per week; in addition, it is provided that the husband would pay all reasonable and necessary bills and charges incurred for medical, surgical, dental, nursing or hospital care and for medicines, drugs, aids and appliances which may be required for the welfare of the plaintiff and the children, or of any of them; further, the obligation was placed upon the husband to pay all charges for the necessary education of the children even to the extent of providing a weekly spending allowance for them; and, also, the wife was given the right to occupy the family apartment at Rockaway Beach.
For the last nine years the plaintiff has been receiving $20 per week for her support in accordance with the provisions of the agreement of separation, following the time when the children reached their majority, and, thus, the defendant has fully complied with the provisions of the separation agreement. Merely because he may now be more affluent and can pay more than therein provided does not render the agreement ipso facto unenforcible. (See Kunker v. Kunker, 230 App. Div. 641, 643-644.)
Accordingly, plaintiff’s motion is denied and that of the defendant granted. Since, however, the plaintiff may have sufficient facts upon which to ground an action to rescind the agreement on a basis other than presently pleaded (see, e.g., Pomerance v. Pomerance, 301 N. Y. 254), the plaintiff is given 20 days in which she may, if so advised, serve an amended complaint. Submit order.