## FRANK S. HAM vs. JENNIE S. TWOMBLY.
## MARY J. HAM vs. SAME.

Middlesex.　January 8, 1902. — April 2, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Trust. Equity Jurisdiction,* Illegal secret trust, Plaintiff's own fraud. *Divorce,* Collusion. *Devise.*

*Semble,* that extrinsic evidence of an agreement between a devisee and a testator is admissible to show a secret trust as well where there is an inconsistent express trust as where the devise is upon its face absolute.

*Semble,* that to set aside a devise on the ground that it was upon a secret trust for an illegal purpose the remedy is in equity exclusively.

*Semble,* that one claiming under an heir at law of a testator cannot maintain a bill in equity to set aside a devise on the ground that it was inserted in the will by the fraudulent procurement for an unlawful purpose of the heir at law under whom he claims.

If a wife in good faith undertakes to procure a divorce to which she legally is entitled upon the ground of adultery already committed by her husband and to prevent unnecessary publicity or scandal her husband agrees with her as to the amount of alimony and the expense to be incurred for witnesses, this does not make a divorce so obtained collusive or fraudulent.

A testator devised land to F. H., his sole heir at law, in trust to pay to J. T. such part of the income as he saw fit until the death or divorce of F. H.'s wife, and

upon the termination of the trust during his life to F. H. absolutely, or if F. H. died before the death or divorce of his wife then to J. T. F. H. died before either the death or divorce of his wife. On a writ of entry by the heir at law of F. H. and a writ of dower by his widow against J. T., to set aside the devise on the ground that it was fraudulently procured by F. H. upon a secret trust for an illegal purpose, it was *held,* that even if there were a remedy at law in such a case, and if one claiming under F. H. could prevail by reason of F. H.'s fraud, and if the trust was illegal, still the illegal trust terminated with the death of F. H. and the remainder to J. T. was not affected by it.

WRIT OF ENTRY, dated July 20, 1899, by Frank S. Ham, son and heir at law of Foster Ham, and WRIT OF DOWER of the same date by Mary Jane Ham, widow of Foster, against Jennie S. Twombly, devisee under the will of Cyrus Ham, father of Foster.

In the Superior Court *Lawton,* J. ordered a verdict for the tenant; and the demandants alleged exceptions. The sixth clause of the will of Cyrus Ham, under which the tenant claimed, is printed in *Cowley* v. *Twombly,* 173 Mass. 393. .

*C. Cowley & J. S. Patton,* for the demandants.

*N. D. Pratt,* for the tenant.

HAMMOND, J. These two cases were argued together. In each the title of the tenant is founded upon the sixth clause of the will of Cyrus Ham, who died seised of the land in controversy. The demandants are respectively the heir at law and the widow of the Foster Ham named in that clause. It already has been decided that, so far as appears upon its face, the clause is valid. *Cowley* v. *Twombly,* 173 Mass. 393.

The demandants however contend that it is invalid because, as they allege, there was an unlawful secret trust. As to this trust they offered at the trial " to prove, by evidence extrinsic to the will of Cyrus Ham, that the sixth clause of said will was inserted therein by the procurement of his son, Foster Ham, and that it was said Foster Ham's purpose and intention thereby to bring about a final separation between himself and his wife, Mary Jane Ham, and to induce her, for a pecuniary consideration, to be paid by him to her out of the estate mentioned in said sixth clause, to procure a divorce from him, for the crime of adultery committed by him, and upon evidence to be furnished by him and at his expense; and that said Cyrus Ham, when he executed said will, knew that such was said Foster Ham's pur-

pose and intention; and that such was also the purpose and intention of said Cyrus Ham."

This evidence was excluded, and the only question is whether this was error prejudicial to the demandants.

The position of the demandants is that the purpose of both the testator and his son Foster was to induce the latter's wife to procure a divorce by collusive, fraudulent and corrupt methods; that such a purpose is a fraud upon the law; that, unless its existence can be shown by evidence extrinsic to the will, the law is compelled to give force and effect to a fraud upon itself; that to prevent such a result such evidence is admissible; and that when the fraud is thus shown the estate of the devisee is merely a dry trust for the benefit of the heirs at law or other persons to whom the estate would have gone in the absence of such a devise.

Undoubtedly it is well settled that, where a devise is upon its face absolute, extrinsic evidence is admissible to show an agreement between the testator and the devisee that it is upon a secret trust, and also the nature of the trust. If the trust is lawful, then the devisee holds the property in trust in accordance with the agreement, but, if it is unlawful, then he holds it for the benefit of the heirs at law or other persons to whom the property would have gone in the absence of such a devise. These principles are established to prevent a fraud upon the testator and the objects of his bounty in the first supposed case, and a fraud upon him and the law in the second. The authorities are numerous and conclusive. The following are very instructive on this point. *Jones* v. *Bodley*, L. R. 3 Eq. 635. *Tee* v. *Ferris*, 2 K. & J. 357. *O'Hara* v. *Dudley*, 95 N. Y. 403. *Amherst College* v. *Ritch*, 151 N. Y. 282. *Fairchild* v. *Edson*, 154 N. Y. 199. And we see no reason why the same principles should not be applied to a case where the devise is not absolute but upon a trust which is inconsistent with the secret trust. The validity and effect of the devise in such a case is to be determined by the nature of the secret trust, and not of the expressed trust.

It is to be observed, however, that due effect is to be given to the operation of the will. As was well said by Vann, J. in *Amherst College* v. *Ritch*, 151 N. Y. 282, 324, " The trust does

not act directly upon the will by modifying the gift; for the law requires wills to be wholly in writing, but it acts upon the gift itself as it reaches the possession of the legatee, or as soon as he is entitled to receive it. The theory is that the will has full effect by passing an absolute legacy to the legatee, and that then equity, in order to defeat fraud, raises a trust in favor of those intended to be benefited by the testator, and compels the legatee, as a trustee *ex maleficio*, to turn over the gift to them. The law, not the will, fastens the trust upon the fund by requiring the legatee to act in accordance with the instructions of the testator and his own promise. Neither the statute of frauds nor the statute of wills applies, because the will takes effect as written and proved, but to promote justice and prevent wrong the courts compel the legatee to dispose of his gift in accordance with equity and good conscience." Where the trust is illegal the same principles must be applicable, *mutatis mutandis*, to the trust in favor of the heir at law. The legal estate passes to the devisee, and the rights of the *cestui que trust* are to be worked out in proceedings in equity and not at law.

It is also to be noted that in this case the heir at law, to whom as *cestui que trust* the estate would have gone if there had been no devise, was Foster Ham himself, the very person who joined with the testator to commit a fraud upon the law. If, therefore, during his lifetime, he had come into a court of equity to establish a trust in his favor as heir at law, his first step would have been to show his own active participation in the very fraud upon the law, upon the existence of which would rest whatever right he had to relief in equity.

It is further to be observed that it is doubtful, to say the least, whether the offer shows necessarily an illegal agreement. If, as urged by the demandants, it is to be interpreted as meaning that it was a part of the agreement that the adultery should be committed thereafter by Foster so that his wife could obtain a divorce, and that she should be induced to apply for a divorce for that act, then of course the agreement was illegal. But if, as urged by the tenant, the proper construction is that the agreement was that she should undertake in good faith to procure a divorce to which she was legally entitled upon the ground of adultery already committed by him, and that to prevent un-

necessary publicity or scandal he should agree with her as to the amount of alimony and the expense to be paid for witnesses rather than to compel her to resort to a court to have the amount fixed by decree, and all this was to be done under the eye or with the knowledge of the court, then there was nothing collusive or fraudulent about the suit for divorce, either in the cause or the manner of its prosecution. 2 Bish. Mar. & Div. §§ 249, 252, and cases therein cited.

But whether the remedy in equity is exclusive, or whether the devisee and those claiming under him are barred by the fact that he was the heir at law, or whether the offer of proof as properly construed is sufficient to warrant the finding of an illegal agreement, it is not necessary to decide, because, even if all these be assumed in favor of the demandants, there still remains one fatal defect in their case.

The legal effect of the language of the will is that Foster Ham shall hold certain property, including the land in controversy, in trust until the death or divorce of his wife. Upon such death or divorce he may, and, within ten years thereafter, he must, terminate the trust. During the existence of the trust he may at his discretion pay to Jennie S. Twombly such part of the income as he sees fit, and upon the termination of the trust during his life he is to become the absolute owner of all the property then remaining. If he dies before the death or divorce of his wife, then the trust ceases and the whole fund goes absolutely to Mrs. Twombly. He died before either the death or divorce of his wife, and Mrs. Twombly survived him and took possession of the property under the devise to her.

Even if the secret trust was illegal, it is plain that the trust was to last only during the lifetime of Foster, and the illegality was to end with his death. Neither the testator nor the son intended that the devise in remainder should be accompanied by any trust whatever, express or implied, open or secret. So far, therefore, as respects Mrs. Twombly, the case is not within the principles above stated as to secret trusts. As between her and the demandants there is no such trust attached to the devise in remainder upon which to base any equitable right. By the face of the will she took a legal estate free of trust. The offer of proof is insufficient to show a secret trust as to her interest.

It follows that the measure of her right is determined by the face of the will.

This result is in no way a fraud upon the testator nor upon the law, but on the contrary is in accordance with his wishes and is consistent with law.   See the cases above cited.

We have not considered the exception to the exclusion of the other evidence in the first case, because it was waived at the argument.

*Exceptions overruled.*