# CIRCUIT COURT NO. 2 OF MORE CITY.

Filed December 13, 1926.

MARIE F. TURNER
VS.
FERDINAND TURNER.

*W. Leslie Prout* for plaintiff.

Report of WARD B. COE, Auditor and Master—

Bill for divorce a vinculo matrimonii and for the custody of the minor child of the parties filed by the wife against her husband on the ground of adultery. Code Art. 16, Secs. 37-42.

Defendant proceeded against as a non-resident and his non-residence proven.

Plaintiff's residence in Baltimore City for more than two years proven.

The marriage proven.

The adultery proven.

Case made for giving the custody of said child to the plaintiff.

A decree *pro confesso* was passed against the defendant and more than thirty days have since elapsed.

---

The Court's attention is directed to the following point: The parties were married in 1916, separated in New York and plaintiff came to Baltimore, July 1, 1924. In July, 1925, the question of a divorce came up between them. Plaintiff testifies:

"I wrote and told him that matters were strained and couldn't remain so, and if he wanted me to try to get a divorce I would, although I didn't know what ground—there were only two in Maryland, adultery and abandonment, and he wrote to me and told me that adultery was the charge, and Mr. Harry Eanet was the witness," and she adds that defendant's adultery was not committed with her consent, or by any agreement between them.

Harry Eanet, a resident of New York, testified to acts of adultery committed by defendant at Christmas, 1924, and in July, 1925. His brother, Paul Eanet, testified to an act of adultery committed by defendant in December, 1924—apparently one of the same acts to which Harry Eanet testified.

On these facts the matter of collusion is presented. The law appears to be as follows:

In order to constitute collusion there must be an agreement between the parties as to the commission of the offense, as to the obtention of a decree by false testimony, or one which the Court, if the facts were known, would not grant; or an agreement that suit should be brought and no defense made. Collusion is not established by the mutual desire of the parties to be divorced, by the mere circumstance that defendant abstains from making a defense, or even facilitates the suit by voluntarily accepting or submitting to process. The question is whether plaintiff has received a real injury and in good faith seeks relief. Friendly communications between the parties as to the proceeding are dangerous and excite suspicion of collusion, but furnish no ground for denying relief, if the injury is a real one and is not committed by agreement. Harris, 4 Swab. & T. 232 (where defendant actually aided the proof against herself) ; Crewe, 3 Hagg. Ecc. 123, 131; Sheehan, 77 N. J. Eq. 411 (where many cases are cited and reviewed) ; Doeme, 89 N. Y. Sup. 215; Ham vs. Twombly, 181 Mass. 170; Drayton, 38 Atl. Rep. (N. J.) 25; Erwin, 40 S. W. Rep. (Tex.) 53; 1 Nelson, D. & S., Sec. 504; 2 Bishop, M. D. & S., Sec. 255, et seq.; 19 C. J. 92. The case of State vs. Richardson, 122 La. 1063 (a disbarment proceeding) lays down a more stringent rule in holding that both client and counsel should decline to accept the offer of the opposite party of evidence to prove the latter's offense.

There appears to me to be no ground here for doubting the truth of the testimony of the witnesses named and no ground for supposing that defendant had any knowledge of the matter. She is therefore, it is submitted, entitled to the relief she prays.

Case ready for decree.

WARD B. COE,
Auditor and Master.

December 10th, 1926.