MARTHA M. TABER & another *vs.* HENRY C. SHIELDS & another.

Norfolk.    January 10, 1927. — March 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Trust,* Constructive. *Equity Pleading and Practice,* Findings by trial judge, Appeal.

A suit in equity by children of the defendant to have certain real estate, devised to the defendant by the plaintiffs' mother, the defendant's wife, impressed with a trust in the plaintiffs' favor, could not be maintained where it did not appear that the provision in the mother's will devising the property to the defendant was made in accordance with an agreement or understanding by the defendant with the plaintiffs or with the defendant's wife that the plaintiffs should receive an interest in the property, or was induced by fraud on the defendant's part.

BILL IN EQUITY, filed in the Superior Court on May 11, 1923, and described in the opinion.

In the Superior Court, the suit was heard by *Sisk,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 35 (1905), to take the evidence. Material facts found by the judge are stated in the opinion. By his order, a decree was entered dismissing the bill. The plaintiffs appealed.

*C. E. Fay,* for the plaintiffs.

*G. C. Coit,* (*F. A. Gaskins* with him,) for the defendants.

SANDERSON, J.    This is a bill in equity in which the plaintiffs seek to have certain real estate, devised to the defendant Henry C. Shields by his former wife, Harriet C. Shields, deceased, impressed with a trust in favor of his daughter and son, the plaintiffs. During her last illness, the testatrix made a will giving all her property to her husband, stating therein: "I am fully mindful of my children, Martha M. Shields and Walter C. Shields, but they are being provided for in my husband's will of even date." She said to the attorney who drew the will that she wanted her husband to have a home while he lived and her two children to have

the property when he was gone. The attorney told her that she could give her husband a life estate with remainder to her children, and she replied that "she didn't like the idea of that, she didn't think it would look well with the community; it would look as if she didn't trust Mr. Shields." After some further talk, her will was dictated to the daughter, who acted as stenographer; and at the same time a will for the husband was prepared, by the terms of which all of his property was to go to the two children share and share alike. Both wills were executed on the same day in the presence of Mrs. Shields. The attorney told Mr. and Mrs. Shields that the husband could make another will; and that his remarriage would revoke the will he was about to sign.

The trial judge found that there was no evidence that the husband induced his wife to execute a will, and none to establish an agreement between them and their children. Mrs. Shields died a few days after the execution of the will, which was duly probated. Mr. Shields married the codefendant some months thereafter, and still later placed a sign upon the real estate advertising it for sale. He testified that he had destroyed the will executed by him. The judge found that the plaintiffs had failed to establish a trust in favor of themselves and a decree dismissing the bill was entered. The question to be decided is, whether that decree should stand.

In *Glass* v. *Hulbert*, 102 Mass. 24, 39, the court said in referring to the class of cases where "a party acquires property by conveyance or devise secured to himself under assurances that he will transfer the property to, or hold and appropriate it for, the use and benefit of another," that "A trust for the benefit of such other person is charged upon the property, not by reason merely of the oral promise, but because of the fact that by means of such promise he had induced the transfer of the property to himself." In a later case it was said that in such cases the "trust arises out of the confidence reposed in him [the devisee] by the testator and of his own fraud, which a court of equity, upon clear and satisfactory proof of the facts, will enforce against him." *Olliffe* v. *Wells*, 130 Mass. 221, 224. *Ham* v. *Twombly*, 181

Mass. 170.  *Young* v. *Young,* 251 Mass. 218.  *Amherst College* v. *Ritch,* 151 N. Y. 282, 323.  *Gilpatrick* v. *Glidden,* 81 Maine, 137.

There is no express trust created by either will, and neither recites any agreement of the parties.  The judge's finding that the plaintiffs had failed to establish a trust was made on conflicting evidence and should not be disturbed.  He could have found that the defendant made no agreement or promise either express or implied, and that the testatrix made her will with the understanding that his might be changed.

*Decree affirmed.*