SIDNEY L. BEALS & others *vs.* OSWALD G. VILLARD & others.

Suffolk.   February 8, 1929. — June 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Res Judicata. Equity Jurisdiction*, Bill for instructions, Res judicata. *Trust*, What constitutes.

A testatrix by her will gave the residue of her property to a certain man "believing that whatever property comes into . . . [his] hands will enable him to devote himself more effectively to the service of humanity," stating that she left a memorandum of suggestions, which was "not to be regarded as in any way limiting the absolute character of the devise and bequest herein made." Upon a petition for instructions in the Probate Court, it was decreed that the provisions constituted "an outright and unqualified gift of the residue," and the executrix was ordered to "pay over and deliver" the residue accordingly. Thereafter the heirs at law and next of kin of the testator, who had been parties respondent to the petition for instructions, brought a suit in equity in the Superior Court against the legatee, the executor of the will and the Attorney General, averring that the legatee received the residue of the estate of the testatrix upon an oral or secret trust too indefinite to be enforced and that they were entitled to it by way of a resulting trust. *Held*, that the decree of the Probate Court on the petition for instructions was not a bar to the suit in the Superior Court.

At the hearing of the suit above described, it appeared that the testatrix, before making her will, called upon the legatee, who for many years had been the editor of a magazine read by her and who she believed, if given money by will, would donate it to purposes and to causes of which she would approve, stated to him that she was in sympathy with the opinions that he expressed from time to time in his magazine and that she believed in the causes that he advocated and stood for and his leadership in them, and asked him if he would accept a bequest or devise of her residuary estate; that he replied that he would, and that he would "utilize it in her spirit"; that the testatrix thanked him "for accepting it in that manner," and de-

parted; that there was no other interview or communication between them; that subsequently, under advice of competent legal counsel, the will was made; and that, after the death of the testator and before proof of the will, the legatee wrote to one of the plaintiffs, "I consider the bequest a trust for the benefit of individuals other than myself, and causes in which she [the testatrix] and I were interested." The bill was dismissed. *Held,* that

    (1) There did not appear an intention on the part of the testatrix to charge the property so given with a trust in the hands of the devisee and legatee;

    (2) There being no such intention to establish a trust, a trust could not be set up, only to be destroyed by reason of its indefiniteness, so as to raise a resulting trust for the plaintiffs;

    (3) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on April 18, 1928, and described in the opinion.

The suit was heard by *Lummus,* J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. A final decree was entered dismissing the bill. The plaintiffs appealed.

*A. M. Beale,* (*S. L. Beals* with him,) for the plaintiffs.

*C. M. Rogerson,* (*L. G. Brooks* & *J. M. Worcester* with him,) for the defendants.

FIELD, J. Harriet G. Flagg, late of Brookline, died April 9, 1926, leaving a will which was proved and allowed January 31, 1927, by the Probate Court for the county of Norfolk. After giving certain legacies she provided as follows: "FOURTH. All the rest, residue and remainder of my property, whether real or personal and wheresoever situated, I give and bequeath to Oswald Garrison Villard of New York City, or in case he is not living at my death, to Darwin J. Meserole of Brooklyn, believing that whatever property comes into the hands of either of them will enable him to devote himself more effectively to the service of humanity. I may leave with this will a memorandum containing suggestions perhaps helpful to the legatee in his disposition of the property coming to him under this provision, but such memorandum is not to be regarded as in any way limiting the absolute character of the devise and bequest herein made."

Upon a petition for instructions in the Probate Court to which the plaintiffs were parties, it was decreed that "it appearing that the testatrix made an outright and unqualified gift of the residue of her estate" to said Villard the executor "pay over and deliver" to him the residue of her estate. There was no appeal from this decree.

The present suit is a bill in equity brought in the Superior Court by heirs at law and next of kin of the testatrix against said Villard, the Attorney General of the Commonwealth and the executor of the will to determine that said Villard "is entitled to hold said residue only in trust and not for his own benefit," and to establish the terms of the trust. The plaintiffs contend that the defendant Villard received the residue of the estate of the testatrix upon an oral or secret trust too indefinite to be enforced and that they are entitled to it by way of a resulting trust. The judge made findings of fact and rulings of law and entered a decree dismissing the bill with costs. The plaintiffs appealed. This appeal brings the case before us with a full report of the evidence.

It was settled by the decree of the Probate Court that the plaintiffs took by the will of the testatrix no interest legal or equitable in the residue of her estate. The question for determination here is whether they have proved facts by reason of which the absolute interest in the residue of the estate of the testatrix, which the defendant Villard took by the will, is charged with a trust for the benefit of the plaintiffs.

The question raised in this suit was not involved in the proceedings in the Probate Court which resulted in the decree above referred to. The plaintiffs are not claiming any interest under the will. They seek to raise a trust after the will has been given full effect. See *Olliffe* v. *Wells*, 130 Mass. 221, 225; *Ham* v. *Twombly*, 181 Mass. 170, 172; *Trustees of Amherst College* v. *Ritch*, 151 N. Y. 282, 324. This suit, therefore, is not barred by the probate decree.

The evidence — as the trial judge found properly — shows the following facts: "The testatrix was interested in various humanitarian movements, and in proposals for social and political reform; among others, in the feeding and clothing

of sufferers from famine, the welfare of laboring people, the social advancement of colored people, and the protection of liberty of speech, printing and assemblage. She admired the ideas and the labors of the defendant Villard, as she came to know them by reading the magazine called 'The Nation,' of which he has been for many years the editor. She believed that he was a man who, if given money by will, would devote it to purposes and to causes which she would approve. In the year 1922, prior to May 25, 1922, she called on the defendant Villard at his office in New York. She told him that she had known his mother, and knew about his grandfather, the late William Lloyd Garrison; that she was in sympathy with the opinions that he expressed from time to time in 'The Nation'; and that she believed in the causes that he advocated and stood for, and his leadership in them. She asked him if he would accept a bequest or devise of her residuary estate. He replied that he would, and that he would 'utilize it in her spirit.' The testatrix thanked him 'for accepting it in that manner,' and departed. That was the first and only interview or communication between the testatrix and the defendant Villard. The foregoing is the substance of all that was said and done between them. The defendant Villard has always been a man of ample means. . . . he never desired to use the residuary estate of the testatrix for his own private and personal benefit and does not desire to do so now . . . . On May 25, 1922, the testatrix, under the advice of competent legal counsel, executed her will . . . ." It appeared in evidence also that the defendant Villard wrote to one of the plaintiffs a letter dated April 21, 1926, in which he said "I consider the bequest a trust for the benefit of individuals other than myself, and causes in which she [the testatrix] and I were interested."

There is a principle for which there is a wealth of authority in other jurisdictions that, in spite of provisions of statutes of wills and statutes of frauds, if a person procures an absolute devise or bequest to himself by orally promising the testator that he will convey the property to, or hold it for the benefit of a third person, the property so devised or bequeathed will

be charged with a trust in the hands of the devisee or legatee. See *Olliffe* v. *Wells*, 130 Mass. 221, 224, 225; *Ham* v. *Twombly, supra; Trustees of Amherst College* v. *Ritch, supra,* at page 323. See also cases collected in 37 Harv. Law Rev. 670, 682. In cases in which the facts fell short of establishing trusts in accordance with this principle it has been assumed to be the law here (see *Bennett* v. *Littlefield,* 177 Mass. 294; *Taber* v. *Shields,* 258 Mass. 511) and in its converse form — where intestacy was induced by a promise of the heir — it was given a partial application in *Bailey* v. *Wood,* 211 Mass. 37, 43. In *Ham* v. *Twombly, supra,* though the case turned upon another point, it was said, at page 172, that "Undoubtedly it is well settled that, where a devise is upon its face absolute, extrinsic evidence is admissible to show an agreement between the testator and the devisee that it is upon a secret trust, . . . ." See also *Glass* v. *Hulbert,* 102 Mass. 24, 39.

The plaintiffs contend that the promise of the defendant Villard that he would accept a bequest or devise of the residuary estate of the testatrix and would "utilize it in her spirit," followed by the making of a will containing an absolute gift of the residue of her estate to said Villard, if he was living at her death, brings this gift within the principle stated. However, no oral or secret trust was created unless the language of his promise, which the testatrix made her own language by relying upon it in disposing of the residue of her estate, shows an intention on her part, in substance, to charge the property so given with a trust in the hands of the devisee and legatee rather than an intention to confer on him an uncontrolled discretion in respect to it. *McCormick* v. *Grogan,* L. R. 4 H. L. 82, 95. *In re Pitt Rivers,* [1902] 1 Ch. 403. *Attorney General* v. *Chamberlain,* 90 L. T. Rep. 581. *In re Falkiner,* [1924] 1 Ch. 88. *Sullivan* v. *Sullivan,* [1903] 1 Ir. R. 193. Lewin on Trusts, (13th ed.) 57. *O'Hara* v. *Dudley,* 95 N. Y. 403, 419. A "trust springs from the intention of the testator and the promise of the legatee." *Trustees of Amherst College* v. *Ritch, supra,* page 323. We think that no such intention to create a trust is shown. If,

instead of securing a promise from the defendant Villard, the testatrix had incorporated the words of his promise in her will so that she would have given the residue of her estate to him in terms to "utilize it in her spirit," and the circumstances had been the same, it seems clear that this language would be interpreted as stating the reason for the gift and the confidence of the testatrix in the beneficiary (see *Aldrich* v. *Aldrich*, 172 Mass. 101, 103), and not as showing an intention to create a trust. *Poor* v. *Bradbury*, 196 Mass. 207, and cases cited. The indefiniteness of the language, which would destroy the trust so far as the purposes stated are concerned (*Nichols* v. *Allen*, 130 Mass. 211, *Wilcox* v. *Attorney General*, 207 Mass. 198, 200, *Blunt* v. *Taylor*, 230 Mass. 303), in the same breath in which it was created, would be a strong reason for holding that no trust was intended. *Spooner* v. *Lovejoy*, 108 Mass. 529, 532, 533, 534. *Knight* v. *Knight*, 3 Beav. 148, 172–175 affirmed *sub nom. Knight* v. *Boughton*, 11 Cl. & Fin. 513, 551. *Seymour* v. *Sanford*, 86 Conn. 516, 522. We find no sufficient ground for giving to language used outside the will a different or greater force than it would have had if it had been incorporated in the will.

In reaching our conclusion we do not rely upon the terms of the will as diminishing the obligation of the defendant Villard based upon his promise. The terms of the will were not communicated to him and were not a part of the arrangement between him and the testatrix. See *In re Falkiner*, *supra*, page 96. Nor do we find anything in the testimony of the witness Roger N. Baldwin as to his conversations with the testatrix and the preparation of a memorandum of instructions to the defendant Villard, or in the letter of this defendant to one of the plaintiffs stating his attitude toward the gift which, under the circumstances of this case, affects the legal situation.

The plaintiffs suggest that, since the interview between the testatrix and the defendant Villard took place in the State of New York, their rights are to be determined in accordance with the law of that State. We do not intimate that this view is correct. However, we have been referred to no decision and have found none which indicates that the

law of New York as applied to this case would be more favorable to the plaintiffs than the law of this Commonwealth. See *O'Hara* v. *Dudley, supra.*

It follows that the absolute interest in the residue of the estate of the testatrix which the defendant Villard took by her will is not charged with a trust for the benefit of the plaintiffs, and that the bill was dismissed rightly.

*Decree affirmed with costs.*